United States District Court
Southern District of Texas
**ENTERED**
November 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-4260 |
| | § | |
| BRENDY TA, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Document No. 18). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a case involving an alleged malicious prosecution involving harassment, threats, and emotional distress. Plaintiff alleges that on April 6, 2024, he filed a police report for harassment and threats. Plaintiff appears to further allege that after filing the police report, a warrant was issued for his arrest and he later surrendered in May of 2024. Plaintiff contends that he lost an executive-track position with a potential employer and suffered emotional distress because of the warrant and his surrender.

Based on the foregoing, on April 7, 2025, Plaintiff filed suit against in the 334th District Court of Harris County against Defendants Brendy Ta, the Harris

County District Attorney's Office, and Insperity PEO Services LP ("Insperity") (collectively "Defendants") for alleged "malicious prosecution," "retaliation and whistleblower violation," "defamation and reputational harm," "tortious interference," "intentional infliction of emotional distress," "civil rights violations," and "violation of Title IX."[1] On September 8, 2025, Defendants removed the case to this Court pursuant to federal question jurisdiction.[2] On October 3, 2025, Plaintiff amended their complaint removing both federal claims.[3] On October 28, 2025, Plaintiff filed the present motion to remand. On October 29, 2025, Defendant Ta responded in opposition to Plaintiff's motion to remand. On November 6, 2025, Defendant Insperity responded in opposition to Plaintiff's motion to remand.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When evaluating a motion to remand, all factual

---

[1] *See Notice of Removal*, Document No. 1 Exhibit A at 7–8 (*Plaintiff's Original Complaint*).

[2] *See Notice of Removal*, Document No. 1 at 1.

[3] *See Plaintiff's First Amended Complaint (State-Law Claims Only)*, Document No. 9 at 3.

2

allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A federal court may only assert subject matter jurisdiction over a matter when authorized by the federal constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). A federal court may exercise jurisdiction over any civil action arising under the federal constitution, statutes, or treaties. 28 U.S.C. § 1331. A case arises under federal law when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (per curiam). Furthermore, a court has supplemental jurisdiction "over all other claims that are related" to a federal claim in which the court has federal question jurisdiction. 28 U.S.C. §1367(a).

## III. LAW & ANALYSIS

Plaintiff moves to remand this case back to state court contending that the Court lacks subject matter jurisdiction and should decline to exercise supplemental jurisdiction. Defendants contend that remand is not required and that the Court should retain supplemental jurisdiction over Plaintiff's state law claims.

Generally, a case containing only state claims is remanded when "the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992). However a district court may, in its discretion, retain the state claims following the dismissal of the relevant federal claims if the court chooses to exercise supplemental jurisdiction. *See* 28. U.S.C. § 1367(c). When deciding to exercise supplemental jurisdiction and retain the state claims, "courts should consider whether the plaintiff has 'attempted to manipulate the forum'" *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990). However, "[g]uarding against improper forum manipulation is only one of the important considerations[.]" *Enochs v. Lampasas County*, 641 F.3d 155, 160 (5th Cir. 2011). In determining if a motion to remand should be granted, the Court will consider both statutory and common law factors. *See* 28 U.S.C. §1367(c); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (listing judicial economy, convenience, fairness, and comity as factors to be considered).

Here, Plaintiff contends that "[t]he only remaining claims sound exclusively in Texas common law" and that "[a]ll parties are Texas citizens." Plaintiff concludes that "this Court no longer possesses original or diversity jurisdiction" and requests that the Court decline to exercise supplemental jurisdiction.[4] Plaintiff further

---

[4] *Plaintiff's Motion to Remand*, Document No. 18 at 3; *Plaintiff's Reply in Support of Motion to Remand and Request to Defer Merits Rulings*, Document No. 21 at 1.

4

contends that the infancy of the case, the exclusive concerns of Texas law, "principles of comity, judicial economy, fairness, and convenience" all support their position that the Court should decline to exercise supplemental jurisdiction.[5] In response, Defendant Ta contends that "[t]he sequence of events suggests a calculated effort to avoid an adverse rulings on the merits."[6] Defendant Ta and Insperity further contend that judicial efficiency supports their position that the Court should exercise its discretion and asserting supplemental jurisdiction.[7] In reply to Defendants' contentions, Plaintiff contends that the current motion is not an attempt to avoid rulings on the merits and provides that "[t]he amendment [to Plaintiff's original complaint] was filed before new counsel appeared and before any answer or discovery."[8]

A review of the record in this matter reveals that all parties are citizens of Texas and that Plaintiff's claims arise entirely under Texas law.[9] Based on the

---

[5] *Plaintiff's Motion to Remand*, Document No. 18 at 3.

[6] *Defendant Brendy Ta's Response to Plaintiff's Motion to Remand and Defendant' Renewed Rule 12(b)(6) Motion to Dismiss*, Document No. 19 at 4.

[7] *Defendant Insperity Pro Services, L.P.'s Response to Plaintiff's Motion to Remand*, Document No. 22 at 4; *Defendant Brendy Ta's Response to Plaintiff's Motion to Remand and Defendant' Renewed Rule 12(b)(6) Motion to Dismiss*, Document No. 19 at 4.

[8] *Plaintiff's Reply in Support of Motion to Remand and Request to Defer Merits Rulings*, Document No. 21 at 3.

[9] *See Plaintiff's First Amended Complaint (State-Law Claims Only)*, Document No. 9 at 1–3.

foregoing, and the Fifth Circuit's clear guidance that it is in the Court's discretion to exercise supplemental jurisdiction, the Court declines to exercise supplemental jurisdiction finding that this matter is still in its infancy and involves questions of Texas law only. As such, the Court finds that Plaintiff's Motion to Remand to the 334th District Court of Harris County, Texas is granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion to Remand (Document No. 18) is **GRANTED.** This case is hereby **REMANDED** to the 334th District Court of Harris County, Texas. The Court further

**ORDERS** that all other pending motions in this matter are **DENIED AS MOOT**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this 13 day of November, 2025.

DAVID HITTNER
United States District Judge